## Kessler Trust

*Peter G. Schaff* and *James D. Cullen,* for trustees.

*James D. McDonald,* for income beneficiaries.

DWYER, *P.J.,* July 16, 1975—On October 9, 1974, Harriet S. Lord, executrix of the estate of

Robert C. Kessler, filed the fifth and final account of Robert C. Kessler, successor trustee of the estate of C. Kessler. This account indicates that income to the beneficiaries of C. Kessler had been overdistributed in the amount of $18,708.67.

On March 12, 1975, L. Gifford Kessler, successor trustee of the estate of C. Kessler, filed his first and partial account indicating that income to the beneficiaries of C. Kessler has been overdistributed during the period that he acted as trustee in the amount of $8,122.84.

The total of the overdistribution of income in the C. Kessler estate therefore amounts to $26,831.51. The present trustee of the C. Kessler estate desires therefore to withhold income to the tenant beneficiaries until this overdistribution is made up.

Objections to both the above-mentioned accounts were filed by some of the income beneficiaries. These income beneficiaries aver that the trustees have not kept adequate records so that the income beneficiaries can determine the exact amount of costs and expenses that should have been charged against the principal of the trust, rather than income, in arriving at the amounts that should have been paid to the income beneficiaries.

The main question to be determined in this case is whether the trustees:

(a) should deduct all costs and expenses incurred in the operation and administration of the trust properties from the gross income received, or

(b) should deduct any costs and expenses of unproductive property not recovered from the income of said unproductive property from the principal of

the trust rather than out of income received from the productive property in the trust res.

The income beneficiaries contend that, under the Principal and Income Act of 1972, as amended, losses incurred on unproductive properties in the trust should be charged against principal of the trust rather than against income received from productive assets as the trustees presently do.

The objections are based on the language set forth in section 8111(a) of the Principal and Income Act provisions of the Decedents, Estates and Fiduciaries Act of June 30, 1972, P.L. 508, 20 Pa. S. §8111(a). This section does legislate that the income from productive property in a trust should not be used to make up the costs and expenses incurred on unproductive assets — that such unrecovered costs and expenses shall be charged against the principal of the trust and not against the income from the productive assets.

The trustees do not quarrel with the aforementioned section 8111(a) of the act, but contend that, because of section 8102 of said act, the instant trust does not fall under the terms of section 8111(a).

Section 8102 legislates that if the settlor of a trust directs the manner of ascertainment of income and the apportionment of receipts and expenses to principal and income, then the settlor's directions control and section 8111(a) is not applicable. The trustees contend that the wording of instant instrument clearly shows that the settlor of this trust made such direction.

The applicable part of instant trust is as follows:

The trustee shall "invest, reinvest, and keep the

same invested; to make such improvements as to him may appear judicious and likely to increase the value of net income thereof; . . . *and to collect all rentals or income from the whole thereof, and to distribute and dispose of the net income, . . .*". (Emphasis by the court.)

The trustees argue that this language clearly spells out what the settlor of the trust had in his mind as to what net income was to be distributed to the income beneficiaries and that it is clear that all expenses and charges of the entire trust should be deducted from all the income in order to arrive at the net to be distributed.

With this we agree. It is clear that the settlor, by the above language, specifically ordered his trustees to collect "all income" from the whole trust res and to pay out the net proceeds therefrom. The trustees are to receive all the income as a unit and to pay all expenses and then distribute the balance to the income beneficiaries.

Since the settlor gave clear and specific instructions directing the manner of ascertainment of income and obviously intended to deduct all expenses therefrom, we hold that section 8111(a) of the Act does not apply to instant trust. This section would only be applicable if the settlor failed to give such instructions.

The Pennsylvania Supreme Court, in Weiss Estate, 454 Pa. 114, 125, 309 A. 2d 793 (1973), said:

"We cannot see in this language anything other than a clear direction by the testator releasing his trustee from the rules of the Principal and Income Act. . . ."

See also to the same effect Tyler Trusts, 447 Pa. 40, 289 A. 2d 441 (1972).

The cases cited by the income beneficiaries who

filed the objections are in agreement with Weiss Estate except that, in the former cases, the court held that the language of the trust instruments was not clear, and, therefore, the Principal and Income Act was applicable.

We must hold therefore that the trustees in the instant case have followed the settlor's direction in distributing net income to the beneficiaries.

Another matter brought up in the objections filed by the income beneficiaries concerns itself with an agreement which was entered into by Robert C. Kessler, trustee, on September 21, 1970, in which he agreed to determine what assets in the trust res were unproductive and to what extent, so that the income beneficiaries would know what income from productive assests was being used to "carry" these unproductive ones.

Because of the holding in this case, the court informs the trustee that he should not expend further trust assets to make such a determination.

The third matter presented by the objecting income beneficiaries concerns itself with their request that the trust res should pay for their expenses in contesting the acts of the trustees. With this we cannot agree. It is hornbook law that such a ruling cannot be made unless the income beneficiaries preserve the trust estate by their actions or that such actions have enhanced the trust res. Neither of these has occurred.

If the objectors had been successful in increasing the income to be paid to all income beneficiaries, this court could award the reasonable expenses of the objectors to be paid from such increased fund, but in the instant case no increase can be made to the income beneficiaries under the wording of the original trust instrument.